# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM C. HOUSE, II, <br>          Appellant, | DOCKET NUMBER <br> DA-0714-20-0373-M-1 |
|       v. | |
| DEPARTMENT OF VETERANS <br>       AFFAIRS, <br>           Agency. | DATE: April 10, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Christopher Landrigan, Esquire, and Walter Harry Caulfield, IV, Esquire, Washington, D.C., for the appellant.

Daniel Morvant, Esquire, Delany Steele, Esquire, and Sean Safdi, Esquire, Denver, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The agency has filed a petition for review, and the appellant has filed a cross petition for review of the initial decision, which reversed the appellant's removal. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, DENY the appellant's cross petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, and REMAND the case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as GS-13 Health Physicist (Radiation Safety) with the Department of Veterans Affairs (DVA). *House v. Department of Veterans Affairs*, MSPB Docket No. DA-0714-20-0373-I-1, Initial Appeal File (IAF), Tab 11 at 21. Effective November 8, 2019, the agency removed him from Federal service based on the charge of failure to safeguard radioactive material. *Id*. at 21, 23-26. The decision notice indicated that the removal action was being taken under the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714). *Id*. at 23.

Thereafter, the appellant filed an appeal with the Board challenging the removal, asserting that the agency committed harmful error and violated his due process rights, and arguing that the removal was the result of race discrimination and was taken in reprisal for him requesting a reasonable accommodation and filing an equal employment opportunity (EEO) complaint. IAF, Tab 24 at 11-12, 20-26, 30, 46. After the appellant withdrew his request for a hearing, IAF, Tab 1 at 2, Tab 17, the administrative judge issued an initial decision on the written record affirming the removal action, IAF, Tab 25. In doing so, she concluded that the agency proved the charge of failure to safeguard radioactive material by substantial evidence, as required by 38 U.S.C. § 714(d)(2)(A). *Id*. at 3-7. Acknowledging that an agency's adverse action decision includes the penalty selection, she concluded, without discussion, that the agency proved by substantial evidence that its decision to remove the appellant for the charged misconduct was reasonable. *Id*. at 3, 7 (citing *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375 (Fed. Cir. 2020)). She also found that the appellant

failed to prove any of his affirmative defenses. *Id*. at 7-18. Accordingly, she affirmed the removal action. *Id*. at 18.

After that initial decision became final, the appellant appealed the decision to the U.S. Court of Appeals for the Federal Circuit. While the appellant's petition for review was pending before the Federal Circuit, that court decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021), wherein it found that the DVA erred when it applied the substantial evidence burden of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. *Rodriguez*, 8 F.4th at 1296-1301. The same day it decided *Rodriguez*, the Federal Circuit also decided *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021), wherein it found that the DVA and the Board must still apply the *Douglas*[2] factors to the selection and review of penalties in DVA disciplinary actions taken under 38 U.S.C. § 714. *Connor*, 8 F.4th at 1326-27. In light of the court's decision in *Connor*, the agency filed an unopposed motion with the Federal Circuit to remand the case to the Board, which the court granted. *House v. Department of Veterans Affairs*, No. 21-1457 (Fed. Cir. Nov. 18, 2021) (order granting unopposed motion to remand).

On remand, the administrative judge reopened the record and provided the parties with an opportunity to address the issues discussed in *Rodriguez* and *Connor*. *House v. Department of Veterans Affairs*, MSPB Docket No. DA-0714-20-0373-M-1, Remand Appeal File (RAF), Tab 7.[3] With its close of record submission, the agency submitted declarations made under penalty of perjury from the proposing and deciding officials. RAF, Tab 12 at 23-28, 30-34. In the deciding official's declaration, he stated that, although the decision notice stated

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

[3] The record was also reopened to accept evidence and argument regarding whether the prior initial decision properly resolved a credibility issue, namely, whether an agency official approved of the appellant's actions that supported the agency's charge. RAF, Tab 7 at 3.

that the charge was supported by substantial evidence, he "would have easily found" the charge to be supported by preponderant evidence because it was undisputed that the appellant engaged in the underlying conduct described in the charge. *Id*. at 34. Regarding the penalty, he stated that, although there was no "standard *Douglas* factor analysis" prepared prior to his issuing his decision, he nonetheless was familiar with the *Douglas* factors and "considered the underlying considerations of the *Douglas* factors" at the time he made his decision. *Id*. at 31. His declaration also includes a formal *Douglas* factors analysis, explaining the basis for the penalty of removal. *Id*. at 31-33. In the proposing official's declaration, he also stated that the charge of failure to safeguard radioactive materials is supported by preponderant evidence and that, although he did not complete a "formulaic *Douglas* factor analysis," he did consider "many of the same considerations encompassed by the *Douglas* factors at the time he issued the proposal." *Id*. at 23, 28.

In the appellant's close of record submission, he argued that, as a result of the administrative judge reopening the record on, among other things, the reasonableness of the penalty, he learned of information that, he believed, demonstrated that the deciding official violated his due process rights by improperly relying on ex parte information in removing him.[4] RAF, Tab 11 at 13-16, 39-42.

Without taking additional testimony, RAF, Tab 7 at 3, the administrative judge issued an initial decision on the written remand record, RAF, Tab 17, Remand Initial Decision (RID).[5] He considered whether the appellant's removal was in accordance with *Rodriguez*, and in doing so, considered the deciding

---

[4] The appellant's due process argument from his initial appeal concerned whether his removal was "predetermined" and whether he was given an adequate opportunity to review the agency file prior to replying to the notice of proposed removal. IAF, Tab 25 at 10-13. These due process arguments are unrelated to his due process argument raised in the remand appeal.

[5] Prior to the issuance of the remand initial decision, the appeal was reassigned to a new administrative judge. RAF, Tab 16.

official's declaration. RID at 4-6. He found that the agency was required to prove that it applied the correct burden of proof "at the time [the deciding official] decided the charges were sustained," and that the deciding official's declaration demonstrated that he did not do so. RID at 6. As such, the administrative judge found that the agency failed to apply the correct standard of proof when determining that the appellant committed the charged offense, and he, therefore, reasoned that the DVA "had no legal authority to take an action under § 714 based merely on substantial evidence." RID at 7. Accordingly, the administrative judge reversed the appellant's removal action as "not in accordance with the law." *Id*. Based on these findings, the administrative judge determined that it was not necessary to decide whether the agency properly considered the reasonableness of the penalty in accordance with *Connor*.[6] RID at 7 n.8. Pursuant to 38 U.S.C. § 714(d)(7), the administrative judge did not order interim relief. RID at 9.

The agency has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. Therein, it argues that the administrative judge erred in finding that the agency's decision was "not in accordance with the law" and that he should have applied a harmful error analysis in determining the effect of the agency's alleged failure to apply the correct standard of proof to its internal decision. *Id*. at 19-22. It further argues that the administrative judge erred in finding that the record failed to establish that, at the time the deciding official made his decision, he had determined that the charge was supported by at least preponderant evidence and, in any event, that the deciding official's statements on remand should have been considered in determining whether, "in retrospect[,]" the charge was supported by preponderant evidence. *Id*. at 10-18.

The appellant has filed a response to the agency's petition for review and a cross petition for review. PFR File, Tab 3. In his cross petition for review, the

---

[6] Similarly, the administrative judge did not address the credibility issue referenced in footnote 3 or the appellant's due process argument. RID at 7 n.8.

appellant argues that the administrative judge should have also reversed the removal action based on the agency's failure to prove by substantial evidence the deciding official considered the *Douglas* factors and the reasonableness of the removal penalty. *Id*. at 13, 21-26. He also reasserts his claim that the agency violated his due process rights and argues that the removal should have been reversed on due process grounds as well.[7] *Id*. at 27-28. The agency has replied to the appellant's response to its petition for review, and it has responded in opposition to his cross petition for review. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency's application of the substantial evidence standard to its internal deliberation of the charge is subject to the harmful error standard.</u>

In the agency's decision notice removing the appellant, the deciding official concluded that the agency's charges were supported by substantial evidence. IAF, Tab 11 at 23. As explained above, the Federal Circuit in *Rodriguez* found that the preponderant evidence is the proper standard for the DVA to apply in determining whether an employee has engaged in misconduct that justifies discipline. *Rodriguez*, 8 F.4th 1297-1301; RAF, Tab 7 at 3. In his declaration discussed briefly above, the deciding official stated that, at the time he made his decision, he "did not believe there was any dispute" regarding whether the appellant engaged in the charged misconduct and that he "would have easily found" the charge was supported by preponderant evidence but the "standard language" at the time was to state that the charge was supported by

---

[7] The appellant's cross petition for review also appears to argue that, if the Board remands the appeal, it should award interim relief. PFR File, Tab 3 at 24. However, 38 U.S.C. § 714(d)(7) provides that, in actions taken under § 714, an appellant who files a Board appeal "may not receive any pay, awards, bonuses, incentives, allowances, differentials, student loan repayments, special payments, or benefits related to the employment of the individual by the Department [of Veterans Affairs]" after his or her removal by the agency until "the United States Court of Appeals for the Federal Circuit issues a final decision on such appeal." Therefore, interim relief is not available to the appellant here.

substantial evidence. RAF, Tab 12 at 34. Nonetheless, he found and affirmed in his declaration that the charge was supported by preponderant evidence. *Id*.

In the initial decision, the administrative judge observed that the decision notice expressly stated that the charge was supported by substantial evidence and that the issue is not what standard of proof "could have been met by the evidence available to the deciding official" but whether he applied the correct standard of proof "at the time he decided the charges were sustained."[8] RID at 5-6. Rejecting the agency's argument that the application of an incorrect standard of proof is subject to a harmful error analysis, the administrative judge found that the agency action was "not in accordance with the law," and he reversed the removal. ID at 6-7.

In the agency's petition for review, it again argues that a failure to apply the correct standard of proof does not render a decision "not in accordance with law" and that the administrative judge should have analyzed the error under a harmful error framework. PFR File, Tab 1 at 19-22. We agree. In *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, the Board held that, because the Board adjudicates an action taken under the VA Accountability Act under 5 U.S.C. § 7701(b)(1), *see* 38 U.S.C. § 714(c)(4)(A), (d)(1), actions taken under 38 U.S.C. § 714 are subject to the harmful error test from 5 U.S.C. § 7701(c)(2),

---

[8] Regarding the deciding official's declaration on this point, we find nothing inconsistent between the deciding official's statement in the decision notice that the charges are supported by substantial evidence and his later statement in a declaration that the charges are supported by preponderant evidence. IAF, Tab 11 at 24; RAF, Tab 20 at 23-25. A determination that the charges are supported by preponderant evidence necessarily includes an implicit acknowledgment that the charges are also supported by substantial evidence. *See* 5 C.F.R. § 1201.4(p), (q) (explaining that substantial evidence is a "lower standard of proof than preponderance of the evidence"). Thus, we discern no reason to disregard the deciding official's subsequent statement that the charges are supported by preponderant evidence based solely on the fact that he made a prior determination under a lower standard of proof. Similarly, we discern no reason to limit consideration of whether the agency's internal administrative record established by preponderant evidence that the appellant engaged in the charged misconduct to only evidence showing that the deciding official made that determination at the time he issued the decision removing the appellant.

*Semenov*, 2023 MSPB 16, ¶ 23. As such, the proper inquiry here is whether the agency's error in applying the incorrect standard of proof was likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of the error. *See id*. (citing *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 14 (2015); 5 C.F.R. § 1201.4(r)). Accordingly, we vacate the initial decision and remand this appeal for the administrative judge to consider whether the agency committed harmful error.[9]

<u>If applicable, the administrative judge should consider whether the agency proved that the penalty of removal is supported by substantial evidence in accordance with *Connor*.</u>[10]

When determining whether the agency's decision to remove the appellant under the VA Accountability Act is supported by substantial evidence, the Board must also consider the agency's penalty choice as part of that review. *Sayers*, 954 F.3d at 1376. As previously explained, in *Connor*, the Federal Circuit held that the DVA and the Board "must continue to apply the relevant *Douglas* factors in considering the reasonableness of the penalty in [D]VA disciplinary action cases." *Connor*, 8 F.4th at 1326.

---

[9] Because we are granting the agency's petition for review and remanding the appeal on the basis that the administrative judge erred in reversing the removal action as "not in accordance with the law," we deny the appellant's cross petition for review arguing that his removal should have also been reversed on the grounds that the agency failed to prove the reasonableness of the penalty and that it considered the *Douglas* factors in accordance with *Connor*. PFR File, Tab 3 at 21-26. Regarding his claim in the cross petition for review that the removal action should have been reversed on due process grounds, *id*. at 27-28, this remand order instructs the administrative judge to consider this affirmative defense in light of any additional evidence deduced at a supplemental hearing.

[10] As noted above, the administrative judge previously assigned to this case found in the first initial decision that the agency proved the charge of failure to safeguard radioactive material by substantial evidence, as required by 38 U.S.C. § 714(d)(2)(A). IAF, Tab 25 at 3-7. On remand, if appropriate, the administrative judge may incorporate these findings into his remand initial decision if he determines that the agency's error in applying an incorrect standard of proof was not harmful. In this context, the administrative judge may consider, if deemed necessary, the credibility issue regarding whether an agency official approved of the appellant's actions, as described in the close of record order. RAF, Tab 7 at 3.

As noted above, the agency submitted declarations from the proposing and deciding officials, stating that, although they did not conduct a "standard" or "formulaic" *Douglas* factors analysis, they nonetheless considered the substance of the factors. RAF, Tab 12 at 23, 31. Additionally, both declarations include a subsequent analysis of the *Douglas* factors. *Id.* at 24-28, 31-33. However, because the administrative judge found that the removal action was "not in accordance with the law" due to its application of an incorrect standard of proof, he declined to address whether the agency considered the reasonableness of the penalty of removal pursuant to *Connor*. RID at 7 n.8.

On remand, if applicable, the administrative judge should consider whether the penalty of removal is supported by substantial evidence and in accordance with *Connor*.

## ORDER

For the reasons discussed above, we remand this case to Dallas Regional Office for further adjudication in accordance with this Remand Order. As outlined above, the administrative judge shall first address whether the agency's error in applying the substantial evidence standard of proof to its original action was harmful. *See* 5 U.S.C. § 7701(a)(1), (b)(1); *Semenov*, 2023 MSPB 16, ¶ 24. If the administrative judge determines that the agency's error was not harmful, he should then consider whether the agency proved that the penalty of removal is supported by substantial evidence and in accordance with *Connor*.

In conducting this adjudication, the administrative judge shall hold a supplemental hearing, but may limit the subject matter to issues deemed relevant on remand. He shall then issue a remand initial decision discussing these issues. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the

authorities on which that reasoning rests).  To the extent any of the evidence or argument taken on remand affects the administrative judge's prior discussion of the appellant's affirmative defenses, the remand initial decision should reflect that analysis.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.